UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK HAMILTON,

                                                                  Plaintiff,          DECISION and ORDER

-vs-

                                                                                          14-CV-6308 CJS

SERGEANT EDWARDS,

                                                               Defendant.

_____

INTRODUCTION

Derrick Hamilton ("Hamilton" or "Plaintiff") is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") who maintains that Defendant, who was employed by DOCCS, violated his rights under the First Amendment to the United States Constitution by retaliating against him for filing inmate grievances. Now before the Court is Defendant's motion (Docket No. [#12]) for summary judgment on the sole ground that Plaintiff failed to exhaust his administrative remedies before commencing this action as required by 42 U.S.C. § 1997e(a). The application is granted.

BACKGROUND

On June 5, 2014, Plaintiff commenced this action proceeding *pro se*. The Complaint alleges that on May 24, 2011, Plaintiff was incarcerated at Elmira Correctional Facility ("Elmira"), where Corrections Sergeant Edwards ("Defendant" or "Sergeant Edwards") was employed. The Complaint contends that Edwards "and approximately ten-to-fifteen prison guards" surrounded Plaintiff, subjected him to a rough pat frisk, threw his belongings on the ground, and made death threats to him, all because Plaintiff had filed inmate grievances. Following this incident, Sergeant Edwards placed Plaintiff in punitive segregation, allegedly to retaliate against him. The following

1

day, Corrections Officers Kreisler and Cole issued Plaintiff a misbehavior report, accusing him of creating a disturbance, harassment, refusing a direct order, and violating "movement regulations." On May 26, 2011, a Tier II disciplinary hearing was conducted, at which Plaintiff was found guilty of all charges in the misbehavior report. Plaintiff appealed the disciplinary conviction, but maintains that the DOCCS employee assigned to respond to the appeal failed to do so. As a result, Plaintiff filed an inmate grievance (EL 38-572-11), purportedly "to record and resolve [that employee's] dereliction of his ministerial duty, the overall retaliatory nature of the matter; and the biased retaliatory hearing."[1] Plaintiff, though, did not exhaust that grievance. However, Plaintiff eventually succeeded in having the disciplinary conviction reversed and expunged, in a separate proceeding pursuant to New York Civil Practice Law and Rules Article 78 ("Article 78 Proceeding") in New York State Supreme Court, Chemung County.

The Complaint in this action named Sergeant Edwards, and five other DOCCS employees, as defendants. However, on March 17, 2015, the Honorable Richard Arcara, United States District Judge, dismissed the action as against everyone by Sergeant Edwards.[2] As to Edwards, Judge Arcara found that Plaintiff could proceed on a First Amendment retaliation claim, arising from Edwards' alleged retaliatory conduct on May 24, 2011 ("the May 24, 2011 incident"). Judge Arcara dismissed all of the remaining claims, including the claim that Plaintiff's due process rights were violated at the disciplinary hearing.

On October 28, 2016, Defendant Sergeant Edwards filed the subject motion for summary judgment, asserting the affirmative defense that Plaintiff failed to exhaust his administrative remedies before commencing this action as required by 42 U.S.C. § 1997e(a).[3] In support of

---

[1] Complaint [#1] at p. 5.
[2] Order, Docket No. [#5].
[3] Defendant served Plaintiff with the required *Irby* notice. *See*, Docket No. [#12-2].

the application, Edwards has submitted an affidavit from an employee of DOCCS' Central Office Review Committee ("CORC"), averring that Plaintiff never exhausted an administrative grievance concerning the alleged retaliation by Edwards on May 24, 2011.

On December 27, 2016 Plaintiff filed a response [#14] to the motion. Plaintiff admits that he never exhausted his administrative remedies as to "Grievance No. EL38-572-11 which pertained to the incident that is [the] subject of this proceeding."[4] Instead, Plaintiff contends that Edwards' retaliatory actions "resulted in a misbehavior [report] being falsified against [him]," and that following his conviction at the disciplinary hearing he successfully appealed the disciplinary conviction:

> Plaintiff fully exhausted the matter by appealing the matter pursuant to 7 N.Y.C.R.R. Chapter V, Part 253.8, which was affirmed by DOCCS. Plaintiff then filed an Article 78 proceeding that ANNULLED the biased judgment rendered by DOCCS in the State of New York Supreme Court, County of Chemung, thereby exhausting the matter in full.

Docket No. [#14] at p. 2.

On December 29, 2016, Defendant filed a reply [#15], maintaining essentially that, "there is no basis in law for Plaintiff to believe that he was excused from filing a grievance as to the [retaliatory] pat frisk because he had appealed the disciplinary hearing."[5]

ANALYSIS

Plaintiff's *Pro Se* Status

Since Plaintiff is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

---

[4] Docket No. [#14] at p. 1, ¶ 2 ("Grievance No. EL38-572-11 which pertained to the incident that is the subject of this proceeding was never appealed per DOCCS Directive #4040, § 701.5(b)(4)(c), which states: "the grievant is seeking a decision or an appeal of a decision otherwise attainable through the established procedures for: (iv) any other program of procedure having a written appeal mechanism which extends review to outside the facility.")
[5] Docket No. [#15] at p. 2.

3

Rule 56

Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

### Section 1983

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles generally applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right.

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir.2004) (citation omitted).

### Exhaustion of Administrative Remedies

A prison inmate is required to exhaust his administrative remedies *before* bringing an action in federal court complaining about prison conditions. *See*, 42 U.S.C.A. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

For purposes of 42 U.S.C. § 1997e(a), New York inmates in the custody of DOCCS are required to pursue their administrative grievances using New York's Inmate Grievance Program:

> As an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was required to submit his grievances through the New York DOCCS' Inmate Grievance Program ("IGP"). The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ('CORC')." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir.2009) (citing 7 N.Y. Comp.Codes R. & Regs. § 701.7 (1999)).

*Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. Feb. 1, 2015). However, despite this general requirement,

5

> [p]risoners are exempt from the exhaustion requirement when administrative remedies are unavailable. An administrative procedure is unavailable when (1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Amaker v. Bradt*, 745 F. App'x 412 (2d Cir. Dec. 19, 2018) (citations and internal quotation marks omitted).

If administrative remedies were "available" to the inmate plaintiff, then he must have "properly" exhausted his remedies:

> Proper exhaustion demands compliance with a prison grievance system's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006), internal quotation marks omitted).

In the instant case, in which Plaintiff was initially asserting both retaliation claims and a due process claim, he maintains that he exhausted both types of claims by appealing the disciplinary conviction. That is, Plaintiff contends that even though he did not fully exhaust his remedies with regard to Inmate Grievance EL 38-572-11, such fact is irrelevant here, since he fully (and successfully) appealed the disciplinary conviction. Notably in this regard, Plaintiff does not claim that the inmate grievance procedures were "unavailable" to him, as it is undisputed that he not only filed Grievance EL 38-572-11 and could have pursued it to exhaustion, but he also exhausted numerous other inmate grievances both before and after the incidents involved in this lawsuit. Nor has Plaintiff alleged that he reasonably believed appealing his disciplinary conviction was the only way for him to exhaust his remedies as to the alleged retaliation that preceded the disciplinary hearing. Indeed, he could not allege that, since, again, he filed both a

6

grievance and a disciplinary appeal, but chose to fully pursue only the latter.

This Court, however, cannot agree with Plaintiff's contention that it was unnecessary for him to utilize the inmate grievance procedures to exhaust his retaliation claims. Indeed, in a similar case this Court held as follows:

> Where the inmate is asserting both retaliation claims and procedural due process claims, he must separately exhaust both types of claim, using the procedure appropriate to each type of claim. *See, Davis v. Jackson*, 2016 WL 5720811 at * 7 (Observing that filing an administrative appeal from an underlying disciplinary proceeding was "an inappropriate means of exhaustion for Plaintiff's retaliation claims.") (collecting cases); *see also, Washington v. Chaboty*, No. 09 CIV. 9199 PGG, 2015 WL 1439348, at *7 (S.D.N.Y. Mar. 30, 2015) ("In certain circumstances, however, courts have deemed a disciplinary appeal inadequate to exhaust a claim under the PLRA. Inmate Grievance Program exhaustion has been required, for example, where an inmate alleges retaliation, including retaliation based on the filing of an allegedly false misbehavior report.") (citation omitted).

*Johnson v. Fraizer*, No. 16-CV-6096 CJS, 2016 WL 7012961, at *4 (W.D.N.Y. Dec. 1, 2016). Other courts have reached the same conclusion. *See, e.g., Daum v. Racette*, No. 915CV1083DNHDJS, 2018 WL 7291421, at *10 (N.D.N.Y. Nov. 5, 2018) ("Courts in this Circuit have held that though a disciplinary appeal is sufficient to exhaust a claim that Plaintiff was deprived of due process at a disciplinary hearing, allegations of staff misconduct related to the incidents giving rise to the discipline must be grieved.") (citation and internal quotation marks omitted), report and recommendation adopted, No. 915CV1083DNHDJS, 2019 WL 610385 (N.D.N.Y. Feb. 13, 2019); *Mayo v. Lavis*, 689 F. App'x 23, 25 (2d Cir. 2017) ("The New York State Department of Corrections and Community Supervision requires that prisoners file a grievance within 21 days of an alleged incident. *Williams v. Priatno*, 829 F.3d 118, 119 (2d Cir. 2016) (citing N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(a)(1)). Here, Mayo concedes that he never filed a complaint against Kelly using this procedure. He only appealed the result of his disciplinary hearing, which did not address or resolve this excessive force claim.").

Consequently, Defendant is entitled to judgment as a matter of law, due to Plaintiff's failure to administratively exhaust his retaliation claims prior to commencing this action as required by 42 U.S.C. § 1997e(a).

CONCLUSION

Defendants' motion [#12] for summary judgment is granted and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
April 25, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge